# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1691

_____

| | | |
|---|---|---|
| United States of America, ex rel Crow Creek Sioux Tribe, doing business as Crow Creek Farm Enterprises; Dacotah Farms; Crow Creek Farms; William Shields, Jr., a member of the Crow Creek Sioux Tribe, Individually, | * * * * * * * * | |
| | * | Appeal from the United States |
| | * | District Court for the District |
| Appellees, | * | of South Dakota. |
| | * | |
| v. | * | [PUBLISHED] |
| | * | |
| Hattum Family Farms; Hattum Custom Farms; Robert Hattum, | * * * * | |
| | | |
| Appellants. | * | |

_____

Submitted:  December 11, 2000

Filed:  December 19, 2000
_____

Before LOKEN, HEANEY, and FAGG, Circuit Judges.
_____

PER CURIAM.

Robert Hattum and Hattum Family Farms performed custom farmwork for the Crow Creek Sioux Tribe on tribal land.  The Tribe brought a qui tam action against Hattum, seeking to set aside certain crop liens, to require an accounting of payments

Hattum received from the Tribe, and to recover for damages to tribal land. In a counterclaim, Hattum sought damages for unpaid salaries, amounts due under the farming agreements, unjust enrichment, and breach of contract. The district court partially granted the Tribe's motion for summary judgment, concluding the contracts were void under 25 U.S.C. § 81 because the Secretary of the Interior had not approved them. See United States ex rel. Crow Creek Sioux Tribe v. Hattum Family Farms, 102 F. Supp. 2d 1154, 1163-64 (S.D. 2000). The district court also concluded the crop lien was void, and found Hattum's affirmative defenses of estoppel, waiver, unjust enrichment, and breach of contract without merit. See id. at 1166. On appeal, Hattum challenges the district court's application of 25 U.S.C. § 81 to the contracts and the court's finding that Hattum's affirmative defenses are meritless. Having carefully reviewed the case, we conclude the district court properly granted summary judgment and affirm on the basis of the district court's thorough opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-